**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Quentin Green, Henry Mosley, and Wendy Mosley,
Defendants,

Of whom Quentin Green is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2019-002060

───────────────

Appeal From Laurens County
Mindy W. Zimmerman, Family Court Judge

───────────────

Unpublished Opinion No. 2020-UP-250
Submitted August 20, 2020 – Filed August 20, 2020

───────────────

**AFFIRMED**

───────────────

Kimberly Yancey Brooks, of Kimberly Y. Brooks, Attorney at Law, of Greenville, for Appellant.

Rosemerry Felder-Commander, of the South Carolina Department of Social Services, of Laurens, for Respondent.

Marcus Wesley Meetze, of Law Office of Marcus W. Meetze, LLC, of Simpsonville, for the Guardian ad Litem.

---

**PER CURIAM:** Quentin Green appeals the family court's order that found he physically neglected his minor children and placed them at a substantial risk of physical abuse; ordered Green to be placed on the Central Registry of Child Abuse and Neglect (the Registry); placed custody of his minor children with relatives; and allowed the Department of Social Services (DSS) to forego providing further reunification services and close its case. *See* S.C. Code Ann. § 63-7-1660(E) (2010) (setting forth findings a family court must make when removing a child from the custody of a parent); S.C. Code Ann. § 63-7-1640(C) (Supp. 2019) (setting forth situations when a family court may authorize DSS to forego reasonable efforts at family reunification); S.C. Code Ann. § 63-7-1940 (Supp. 2019) (setting forth the procedures for when an individual may and must be added to the Registry). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling and relieve Green's counsel.

**AFFIRMED.**[2]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.